NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-380

R.C.

vs.

C.C.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The defendant appeals from the issuance of an abuse prevention order pursuant to G. L. c. 209A, § 3 (209A order), directing her to stay away from and have no contact with her mother, the plaintiff.  The defendant contends that there was insufficient evidence to support the issuance of the order.  We affirm.

Background.  We summarize the relevant facts underlying the issuance of the 209A order.  On the morning of November 1, 2022, the plaintiff mother was in her grandson's bedroom in her house. There was a drying rack in the bedroom that her adult daughter, the defendant, was using to dry some of her laundry.  The drying rack was blocking the mother's access to her grandson's bed and so she tried to get around it to get to the bed.  However, the defendant pushed her mother with force enough to cause the

mother to fall into a pile of pillows and blankets and hit her hip against the "metal-ly, plastic-y" drying rack.

The plaintiff also testified that the defendant had been mentally abusive toward her by refusing to leave the home, wash dishes, or vacuum. The defendant, who was being arraigned on a charge of assault and battery, did not testify at the hearing.

At the conclusion of the hearing, the judge issued the 209A order which ordered the defendant to vacate the plaintiff's home, refrain from contacting and abusing the plaintiff, and to stay away from the plaintiff. The order was scheduled to expire on November 1, 2023.

Discussion. To support the issuance of the 209A order, the plaintiff bore the burden to prove by a preponderance of the evidence that she was suffering from "abuse," which is defined by G. L. c. 209A, § 1. We review the issuance of a 209A order "for an abuse of discretion or other error of law." E.C.O. v. Compton, 464 Mass. 558, 562 (2013). "[A] judge's discretionary decision constitutes an abuse of discretion where [the reviewing court] conclude[s] the judge made a clear error of judgment in weighing the factors relevant to the decision, . . . such that the decision falls outside the range of reasonable alternatives" (quotation and citation omitted). L.L. v. Commonwealth, 470 Mass. 169, 185 n.27 (2014). We accord the "utmost deference" to the credibility determination made by the judge who "heard the

2

testimony of the parties . . . [and] observed their demeanor" (citation omitted).  Noelle N. v. Frasier F., 97 Mass. App. Ct. 660, 664 (2020).

To meet her burden, the plaintiff was required to show that "the defendant has caused or attempted to cause physical harm" (citation omitted), G.B. v. C.A., 94 Mass. App. Ct. 389, 393 (2018), or that the defendant placed the plaintiff in fear of imminent serious physical harm.  See G. L. c. 209A, § 1 (a), (b).[1]  An "attempt" has been defined as an intent to commit the underlying act (in this situation, physical harm,) coupled with an overt act toward its commission.  See Commonwealth v. Quiles, 488 Mass. 298, 308 (2021), cert. denied, 142 S. Ct. 1237 (2022).

Based on the evidence before her, the judge could conclude that the defendant pushed her mother with sufficient force that it caused the mother to fall back against the drying rack and onto a pile of bedding.  Our jurisprudence does not require any injury to the plaintiff for a judge to conclude that there has been an attempt to cause or to actually cause physical harm pursuant to G. L. c. 209A.  We conclude that the push by the defendant in this case, which had such force to cause the plaintiff to fall back into the drying rack, is sufficient

---

[1] The third definition of abuse is not relevant, as the plaintiff mother did not allege that the defendant daughter caused her "to engage involuntarily in sexual relations by force, threat or duress."  G. L. c. 209A, § 1 (c).

3

evidence for a judge to infer that the defendant had an intent

to cause physical harm to the plaintiff.[2]

Order dated November 1, 2022,
  affirmed.

By the Court (Sacks,
  Brennan & D'Angelo, JJ.[3]),

*Joseph F. Stanton*

Clerk

Entered: November 30, 2023.

---

[2] Since the evidence was sufficient to find that the defendant attempted to cause physical harm pursuant to G. L. c. 209A, § 1 (a), we need not address the defendant's argument that there was insufficient evidence to find that the defendant placed the plaintiff in fear or imminent serious physical harm pursuant to G. L. c. 209A, § 1 (b).
[3] The panelists are listed in order of seniority.